**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GENEVIEVE GAMBLE-MOSLEY<br>2246 Wharton Street<br>Philadelphia PA, 19146 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| SUSQUEHANNA INTERNATIONAL<br>GROUP, LLP<br>401 E. City Avenue, Suite 220<br>Bala Cynwyd, PA 19004 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Ms. Genevieve Gamble-Mosley (hereinafter referred to as "Plaintiff") by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Susquehanna International Group, LLP (hereinafter referred to as "Defendant") of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.); the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.); Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. § 2000e et seq.); 42 U.S.C. § 1981; and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951, et seq.).[1]

---

[1] Plaintiff will seek leave to amend her instant Complaint to include claims arising under the PHRA on or about September 22, 2026, once her administrative remedies as to those claims are fully exhausted with the PHRC. Plaintiff's claims arising under the PHRA mirror the instant Title VII/ADA claims.

2. Plaintiff alleges, *inter alia*, that Defendant discriminated against her and retaliated against her for utilizing FMLA leave, requesting reasonable accommodations under the ADA, and for submitting a Charge of Discrimination to the EEOC. In essence, Defendant concocted a blatantly false reason to terminate Plaintiff shortly after utilizing medical leave and filing an EEOC Charge.

3. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

8. On or about January 14, 2026, the EEOC issued a Notice of Right to Sue and Plaintiff has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult African American/Black individual, with an address as set forth in the caption.

11. Defendant is a Pennsylvania business corporation with a principal place of business as set forth in the caption.

12. Defendant is a privately held global trading and technology firm comprised of a number of affiliated entities specializing in trading and proprietary investments in equities, fixed income, energy, commodity, index and derivative products, private equity and venture capital, prediction markets, research, customer trading and institutional sales. Defendant employs more than 3,000 people across four (4) continents.

13. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. On or about September 22, 2022, Defendant hired Plaintiff as a Funds Processing Associate. In or about July 2024, Defendant promoted Plaintiff to Treasury Administrator and employed her in that capacity until unlawfully terminating her employment on or about May 13, 2025, as discussed herein.

16. Throughout her employment with Defendant, Plaintiff was a hardworking employee who performed her job with competence and dedication.

17. Plaintiff was initially supervised by Defendant's Financial Operations Manager Joseph Salerno ("Salerno") until on or about June 10, 2024, when Defendant hired Steven Miersch ("Miersch") who, along with Salerno, assumed supervisory authority over Plaintiff through the termination of her employment.

18. However, soon after Miersch started, he and Salerno, began demonstrating heightened scrutiny of Plaintiff, selectively enforced policies against only her, and incessantly micromanaged/nitpicked her work (unlike other non-African American/Black employees). Miersch and Salerno also changed work rules but intentionally failed to inform Plaintiff to make her look bad, made intentional efforts to ignore Plaintiff (and the sole other African American/Black employee) and would not provide her with support like other employees.

19. Unfortunately, Plaintiff suffers from several ADA-qualifying serious medical conditions, including, but not limited to, anxiety and depression which were exacerbated by this hostile working environment.

20. These conditions, at times, impact Plaintiff's ability to perform daily life activities such as sleeping, eating, and leaving the house.

21. Despite these limitations, Plaintiff was still able to perform the essential functions of her position. However, she, at times, required reasonable accommodations including but not limited to intermittent and block medical leave.

22. At all times material, Plaintiff informed Defendant's management, including Miersch and Salerno, about her aforementioned disabilities and need for reasonable accommodations.

23. As Plaintiff's aforementioned disabilities were being exacerbated by the ongoing racially charged hostile work environment, on or about October 22, 2024, Plaintiff called Defendant's Human Resources/Benefits team to preliminarily inquire about what reasonable accommodations might be available to her and asked for details on medical leaves under the FMLA and/or applying for short term disability.

24. Specifically, Plaintiff was just gathering information about potential accommodations and/or leave options as she wanted to discuss these options with her doctor the following day before making any decision.

25. To be clear, Plaintiff was not formally applying or requesting leave at this time; she was simply gathering important information about available accommodations so she could discuss with her doctor if she could/should take FMLA leave, or if some other form of reasonable accommodation might be better.

26. However, as soon as the call ended, Defendant's HR/Benefits team immediately notified Miersch that Plaintiff was planning on taking FMLA leave (before she had even decided to).

27. Plaintiff noticed an immediate shift in Miersch's attitude, as he pressured her to not take leave and displayed annoyance regarding her request for leave.

28. By way of further background, Miersch immediately confronted Plaintiff soon after her aforementioned call with HR and said, "I heard you're taking leave" in a shocked and annoyed tone.

29. Plaintiff informed Miersch that she had not made any decisions as to leave yet and would be speaking with her doctor the following day. Miersch again acted annoyed and accused Plaintiff of lying, threatening to send an email confirming Plaintiff said she was taking leave and informed her that it would be a "problem" for her if she was lying.

30. Plaintiff immediately contacted Defendant's HR/Benefits team again and complained about Miersch's conduct and that things were now awkward with Miersch. Plaintiff stated to HR that given the premature (and incorrect) disclosure of Plaintiff's inquiry about leave, she thought it would be better just to commence FMLA leave the following day to avoid Miersch's disdain further.

31. On or about the next day, October 23, 2024, Plaintiff submitted her FMLA request and commenced a short block medical leave protected under the FMLA.

32. On or about December 10, 2024, Plaintiff returned from her aforementioned leave early (due to Defendant's denial of her Short-Term Disability benefits) and again faced antagonism and retaliation from Defendant's management, including Miersch. By way of example only, Miersch resumed his heightened scrutiny of Plaintiff, selectively enforced policies against only her, and incessantly micromanaged/nitpicked her work (unlike other employees).

33. Plaintiff observed that this treatment was directed only at her, and another African American/Black employee. Plaintiff repeatedly warned Miersch that if his mistreatment did not stop she was going to seek legal counsel and/or pursue legal options.

34. Due to the increasing hostility and retaliation, Plaintiff contacted the EEOC on or about December 16, 2024, and ultimately filed a Charge of Discrimination with the EEOC on or about January 9, 2025 (the "January 2025 Charge").

35. In the January 2025 Charge, Plaintiff outlined disparate treatment directed at only her (including targeted scrutiny, discipline, and application of policies) and specifically identified Salerno and Miersch.

36. Specifically, Plaintiff complained about her job duties being stripped in retaliation for her previous complaints of race discrimination, disparate treatment, heightened scrutiny of her work, and selective enforcement of policies against only her.

37. Plaintiff also complained that Miersch and Salerno were changing work rules but intentionally not telling her to make her look bad.

38. Finally, Plaintiff complained that Salerno made intentional efforts to ignore Plaintiff (and the sole other African American/Black employee) and would not provide her with support like other employees.

39. Upon information and belief, any pending legal action (including EEOC Charges) against Defendant was openly discussed and reviewed within Plaintiff's department and Human Resources, including with any individuals named therein.

40. Soon thereafter in or about January and February 2025, Miersch began unjustly disciplining Plaintiff for feigned attendance issues despite explicit knowledge of her aforementioned disabilities and refused to accommodate Plaintiff further.

41. Plaintiff inquired about the ability to work from home as a reasonable accommodation. Defendant informed Plaintiff that in order to process her request, they would need duplicative information and that working from the office full-time was a requirement.

42. Given that Defendant made it very clear working from home would not be possible, Plaintiff told Defendant that she understood they were telling her working from home was not an option.

43. Therefore, Plaintiff continued to take intermittent FMLA leave as needed through January 2025 and into February 2025. However, Defendant, primarily Miersch, continued to harass and antagonize Plaintiff about her use of continued intermittent leave.

44. On or about January 16, 2025, the EEOC issued Plaintiff a Right to Sue letter for the January 2025 Charge.

45. Plaintiff did not proceed with filing a lawsuit and let the January 2025 Charge's Right to Sue letter expire on or about April 16, 2025.

46. Less than three (3) weeks later, Defendant suddenly terminated Plaintiff's employment under demonstrably false and pretextual circumstances.

47. Specifically, Defendant claimed that Plaintiff had "lied" about coming in late on or about May 5, 2025. To be clear there is no dispute that Plaintiff was late to the office that day which Plaintiff readily admitted to Miersch.

48. Plaintiff contemporaneously disclosed and discussed her lateness with Miersch, to which Miersch responded, "okay, I gotcha. Makes sense," before leaving Plaintiff's office.

49. Miersch then reported Plaintiff to Defendant's Human Resources department and Defendant concocted a false narrative that she had "lied" about being late.

50. Defendant clearly was laying in wait and as soon as Plaintiff's Right to Sue expired, jumped at the chance to terminate her, using Miersch's blatant lie as pretext.

## COUNT I
## Violations of the ADA
## ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
## and [3] Failure to Accommodate)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff suffers from qualifying health conditions under the ADA, which affected her ability (at times) to perform some daily life activities (as set forth *supra*).

53. Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the duties of her job well with Defendant.

54. Prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management.

55. Defendant terminated Plaintiff for pretextual reasons in order to avoid having to accommodate her.

56. Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of her employment with Defendant.

57. Plaintiff also avers that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

58. Finally, Plaintiff avers that she was terminated as a direct result of Defendant's refusal to engage in the interactive process and/or accommodate her.

59. Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

60. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61. Defendant was Plaintiff's employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

62. Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

63. Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. § 2611(4)(A)(i).

64. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

65. Plaintiff notified Defendant of her need for FMLA qualifying leave.

66. Plaintiff was entitled to receive leave pursuant to 29 U.S.C. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

67. Defendant committed interference and retaliation violations of the FMLA by, inter alia, (1) terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff (or others) from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (4) terminating Plaintiff to prevent her from taking FMLA-qualifying leave in the future; and (5) taking actions towards her that would dissuade a reasonable person from exercising their rights under the FMLA.

68. These actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**<u>Violations of Title VII</u>**
**([1] Race/Color Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

69. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70. During Plaintiff's employment with Defendant, she was subjected to pervasive disparate treatment, selective scrutiny, and derogatory treatment due to her race and/or color.

71. Plaintiff opposed Defendant's discrimination, complained to Defendant's HR team, and filed a Charge of Discrimination with the EEOC based on the race/color discrimination discussed *supra*.

72. Instead of investigating and/or properly remediating Plaintiff's aforesaid complaints of race/color discrimination, Defendant's management ignored them, left her legitimate concerns unresolved, and subjected her to further hostility and animosity.

73. Defendant terminated her employment under demonstrably false and pretextual circumstances in retaliation for filing her complaint with the EEOC.

74. Following her complaints of race/color discrimination (discussed *supra*), Plaintiff was subjected to increased hostility and antagonism and less than three (3) weeks after her EEOC Right to Sue letter expired, terminated under completely pretextual circumstances.

75. Based on the foregoing, Plaintiff believes and avers that her race and/or color was a motivating or determinative factor in Defendant's decision to terminate her employment.

76. Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity under Title VII.

77. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

11

**COUNT IV**
**Violations of 42 U.S.C. § 1981**
**([1] Race/Color Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

78. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

79. During Plaintiff's employment with Defendant, she was subjected to pervasive disparate treatment, selective scrutiny, and derogatory treatment due to her race and/or color.

80. Plaintiff opposed Defendant's discrimination, complained to Defendant's HR team, and filed a Charge of Discrimination with the EEOC based on the race/color discrimination discussed *supra*.

81. Instead of investigating and/or properly remediating Plaintiff's aforesaid complaints of race/color discrimination, Defendant's management ignored them, left her legitimate concerns unresolved, and subjected her to further hostility and animosity.

82. Defendant terminated her employment under demonstrably false and pretextual circumstances in retaliation for filing her complaint with the EEOC.

83. Following her complaints of race/color discrimination (discussed *supra*), Plaintiff was subjected to increased hostility and antagonism and less than three (3) weeks after her EEOC Right to Sue letter expired, terminated under completely pretextual circumstances.

84. Based on the foregoing, Plaintiff believes and avers that her race and/or color was the basis for Defendant's decision to terminate her employment.

85. Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity under 42 U.S.C. § 1981.

86. These actions as aforesaid constitute unlawful retaliation under 42 U.S.C. § 1981.

12

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.       Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.       Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.       Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.       Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.       Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.       Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

13

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: April 10, 2026

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Genevieve Gamble-Mosley ⋮ CIVIL ACTION

v. ⋮

Susquehanna International Group, LLP ⋮ NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 4/10/2026 | | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GAMBLE-MOSLEY, GENEVIEVE

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
SUSQUEHANNA INTERNATIONAL GROUP, LLP

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - mployment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000); Section 1981 (42USC1981); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, Title VII, Section 1981, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  4/10/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____